UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEVORY W. HICKMON, SR.,

    Plaintiff,

v.                                      CASE NO. 6:13-cv-211-Orl-37KRS

F.B.I.,

    Defendant.
_____/

## ORDER

This case is before the Court on the following motion:

**MOTION**:    Plaintiff's Motion for Reconsideration (Doc. No. 4, filed March 14, 2013).

Thereon it is **ORDERED** that the motion is **DENIED**. Plaintiff has not indicated which Federal Rule of Civil Procedure he relies on to assert his motion for reconsideration. A motion for reconsideration is typically governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).[1]

---

[1] A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the

Here, there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law.

Federal Rule of Civil Procedure 60(b) also permits reconsideration of a district court order or judgment based on limited number of circumstances.[2]  A motion under Rule 60(b) must be made within a reasonable time and, for certain matters, no more than a year after the entry of the order or judgment.  Here, Plaintiff fails to allege, or otherwise demonstrate, any of the factors set forth in Rule 60(b) or to provide any other basis for reconsideration of the Court's Order of February 12, 2013 (Doc. No. 2).  At best, Plaintiff presents issues already ruled upon by the court, either expressly or by reasonable implication, which will not support a motion for reconsideration.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 15th day of March, 2013.

ROY B. DALTON JR.
United States District Judge

---

court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café, by Lou-Ann, Inc.,* v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

[2]The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment.

2

Copies to:
OrlP-2 3/15
Levory W. Hickmon, Sr.